UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| PHILLIP DINOVO, | ) | |
| --- | --- | --- |
| Petitioner, | ) ) ) | |
| v. | ) ) | Nos. 4:11-CR-21-HSM-SKL-1 4:16-CV-96-HSM |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Before the Court is the United States' motion to deny and dismiss Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 41]. Petitioner submitted the relevant § 2255 petition on September 26, 2016 [Doc. 37].[1] In it, he challenges his enhancement under Section 2K2.1 of the United States Sentencing Guidelines based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.* (suggesting that his

---

[1] Petitioner originally submitted a pro se petition seeking collateral relief on March 11, 2013 [Doc. 23]. The Clerk's Office assigned the original petition the following civil case: E.D. Tenn. Case No. 4:13-cv-20-HSM. This Court denied those claims on the merits in a Memorandum Opinion and Judgment Order entered on March 2, 2016 [Docs. 30, 31]. Petitioner appealed and, incident to that appeal, requested a certificate of appealability [Doc. 33]. On February 11, 2016, this Court appointed Federal Defender Services of Eastern Tennessee (FDSET) for the limited purpose of determining whether or not Petitioner was entitled to collateral relief based on *Johnson v. Untied States*, 135 S. Ct. 2551 (2015). Consistent with that appointment, FDSET filed a request with the Sixth Circuit to expand Petitioner's pro se request for a certificate of appealability to include a claim based on *Johnson* or, in alternative, to remand the case to this Court for consideration of a *Johnson*-based request for relief [Doc. 36]. The Sixth Circuit opted for the latter, remanding the case for this court to consider whether Petitioner was entitled to relief based on *Johnson* [*Id.*]. The Clerk's Office assigned the limited issue on remand the following civil case: E.D. Tenn. Case No. 4:16-cv-96-HSM. Consistent with the Sixth Circuit's instructions, this Court stayed the action pending *Beckles v. United States*, 137 S. Ct. 886 (2017) [Doc. 38].

sentence is no longer valid because the residual clause in Section 4B1.2 is equally vague)].[2] Consistent with the Sixth Circuit's instruction, this Court stayed the action pending *Beckles v. United States*, 137 S.Ct. 886 (2017).

On March 6, 2017, the Supreme Court decided *Beckles* and held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." *Id.* at 894. Two weeks later, this Court entered an Order (1) explaining that *Beckles* necessarily meant that "*Johnson* . . . does not undermine sentences based on Guideline enhancements;" (2) instructing the parties to "file any motion that they want[ed] the Court to consider in conjunction with, or prior to, ruling on [the instant] petition[] on or before April 1, 2017;" and (3) requiring that responsive pleadings be filed on or before April 15, 2017 [Doc. 40].

---

[2] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

The Guidelines set a general base offense level of fourteen for violating 18 U.S.C. § 922(g). U.S. Sentencing Manual § 2K2.1(a)(6). For offenders with one prior conviction for either a "crime of violence" or "controlled substance offense," the base offense level increases to twenty. U.S. Sentencing Manual § 2K2.1(a)(4). Offenders with two such convictions face a base offense level of twenty-four. U.S. Sentencing Manual § 2K2.1(a)(2). "Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual §4B1.2(a) (adopting identical use-of-force and residual clauses and similar enumerated-offense clause).

On March 24, 2017, the United States filed the instant motion to dismiss Petitioner's *Johnson*-based challenge to his career offender designation in light of *Beckles* [Doc. 41]. Petitioner has not filed a response and the time for doing so has now passed [Doc. 40]. This Court interprets the absence of a response as a waiver of opposition. *See, e.g.*, *Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (explaining that failure to respond or otherwise oppose a motion to dismiss operates as both a waiver of opposition to, and an independent basis for granting, the unopposed motion); *see also* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought").

On March 31, 2017, FDSET filed a motion asking to withdraw as appointed counsel under the Standing Order in light of *Beckles* [Doc. 42 (explaining that she cannot further pursue a motion to vacate under *Johnson* according to the limited appointment authorization provided by the Standing Order)]. Also before the Court is a request that it terminate the stay [Doc. 39 (noting that the Sixth Circuit left the Court free to consider terminating the *Beckles*-based stay under appropriate circumstances, either on motion or *sua sponte*)].

## I. RESOLUTION OF NON-DISPOSITIVE MOTIONS

Because *Beckles* forecloses any possibility of *Johnson*-based relief, the request to withdraw [Doc. 42] will be **GRANTED** and counsel will be relieved of her duties under the Standing Order. The request to terminate the stay will be [Doc. 39] **GRANTED** because *Beckles* has been decided.

## II. DISPOSITIVE MOTION AND § 2255 PETITION

To the extent that Petitioner challenges his career offender designation based on *Johnson*, that argument fails because the Guidelines are not subject to void for vagueness analysis. *Beckles*, 137 S. Ct. 894. Because *Beckles* forecloses *Johnson*-based relief from Petitioner's Guideline

enhancement and because this Court interprets Petitioner's failure to respond to the United States' request for dismissal as a waiver of opposition, the motion to deny and dismiss will be granted.

### III. CONCLUSION

For the foregoing reasons and because this Court interprets Petitioner's failure to respond to the United States' request for dismissal as a waiver of opposition, the motion to deny and dismiss [Doc. 41] will be **GRANTED** and Petitioner's § 2255 petition [Doc. 37] will be **DENIED** and **DISMISSED WITH PREJUDICE**. FDSET's motion to withdraw [Doc. 42] and request to lift the stay [Doc. 39] will be **GRANTED**. This Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**SO ORDERED** this 19th day of April, 2017.

        */s/ Harry S. Mattice, Jr.*
        HARRY S. MATTICE, JR.
        UNITED STATES DISTRICT JUDGE